# SUPREME COURT.

## JOHN A. JORDAN agt. HIRAM KENT.

In an action against a stakeholder to recover money deposited with him as a bet or wager upon the result of a horse race, it must appear that there were two or more contracting parties having mutual or reciprocal rights to the money or things wagered.

The plaintiff in this case put into the defendant's hands, who was secretary of a driving association, $60, as an entrance fee, to entitle him to trot his horse over the race course in competition with other horses for two purses of $300 each. The plaintiff trotted one of said races, and was beaten, and the other race was withdrawn on account of bad weather, and the association tendered the plaintiff $30, which he refused to receive.

In an action against the defendant to recover the $60 thus deposited, *held*, that there was not any such contract of wager between the plaintiff and defendant as could sustain the action.

*Wayne Circuit, April,* 1872.

THE complaint in this action alleged that the plaintiff and defendant made a bet or wager upon the event of a horse race, and the plaintiff deposited with the defendant, as stakeholder, the sum of $60.

The answer denied the complaint, and alleged that the defendant was the secretary of the Palmyra Driving Association. That in the summer of 1871, said association arranged and advertised certain races. That the plaintiff entered his horse in two races, and paid as entrance-money $60, to wit, ten per cent. of two premiums of $300 each. That he trotted one of said races, and was beaten, and the other race was withdrawn on account of bad weather, and that the association tendered the plaintiff $30, which he refused to receive.

The cause was tried at the Wayne Circuit, in April, 1872, by the court without a jury. The evidence tended to sus-

tain the answer, and the court found the facts substantially as therein alleged.

C. JORDAN, *for plaintiff.*
CHAS. MCLOUTH, *for defendant.*

E. DARWIN SMITH, *J.*—This action is brought under the statute to recover the money received by the defendant upon a wager. The complaint states that the plaintiff and defendant, on or about the 20th day of June, 1871, at Palmyra, N. Y., entered into a wager or wagers upon the result or event of a horse race or races, then about to take place at or near Palmyra, aforesaid. *Bouvier* defines a wager to be "a contract by which two parties or more agree that a certain sum of money or other thing shall be paid or delivered to one of them on the happening or not happening of an uncertain event."

This definition implies, that to every wager there must be two or more contracting parties having mutual or reciprocal rights in respect to the money or other things, that are wagered, and usually called the *stakes* of the bet or wager, and that each of the parties shall jeopardize something, and have the chance to make something or to recover the stakes or thing bet or wagered upon the determinating of the contingent or uncertain event in his favor.

The proof in the case utterly fails to prove the complaint, or to show that there was any such contract of wager between the plaintiff and defendant.

The defendant did not put up or pledge or jeopardize anything to depend upon the result of the horse race in question. He put in no money and he was not in any event to receive any money. He had no chance to make or receive any money or other things depending upon the result of such races.

The plaintiff put into his hands $60, as an entrance-fee to entitle him to run his horse over the race course in question,

Jordan agt. Kent,

in competition with other horses for two purses of $300 each.   If there was any contract of wager, the other party to such contract must be the owner of the other horses, who put up a like sum or paid a like entrance-fee for the privilege of competing for such purses.   The complaint does not set up any contract of wager with any such persons.

It sets up a contract of wager solely with the defendant, between whom and the plaintiff there was certainly no such contract.   At most, the defendant might be deemed, perhaps, a stakeholder between the parties competing for said purses, if any contract existed between such persons.

But the defendant clearly was not such contracting party, and the plaintiff having entirely failed to prove the cause of action stated in the complaint, the cause must be dismissed.

Complaint dismissed.